## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ARENA FOOTBALL LEAGUE LLC, | ) | Case No. 19-12541 (JTD) |
| | ) | |
| Debtor. | ) | |
| | ) | **Related Docket Nos. 23 and 30** |

**ORDER APPROVING EMERGENCY MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE FOR AN ORDER (I) APPROVING AND AUTHORIZING THE PRIVATE SALE OF CERTAIN ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (II) AUTHORIZING, BUT NOT REQUIRING, THE ABANDONMENT OF CERTAIN PROPERTY IN CONNECTION THEREWITH AND (III) GRANTING RELATED RELIEF**

Upon consideration of the emergency motion (the "Motion")[1] filed by Don A. Beskrone as the Chapter 7 Trustee (the "Trustee") of the above-referenced debtor Arena Football League LLC (the "Debtor") and its bankruptcy estate, pursuant to sections 105(a), 363 and 554 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2002, 6004, 6007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order (i) approving and authorizing the private sale, subject to higher and better offers, of certain assets (the "Columbus Assets") of the Debtor to The Team Management, LLC (the "Buyer") on an "As Is, Where Is" basis, free and clear of all liens, claims, encumbrances and other interests, (ii) authorizing, but not requiring, the abandonment of certain property in connection therewith and (iii) granting related relief; and due and proper notice of the Motion having been provided; and the Court having reviewed (a) the Motion [Dkt. No. 23] and the Beskrone Declaration (attached as Exhibit "B" to

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed in the Motion.

{01538605;v3 }

the Motion) and any other evidence submitted in support of the proposed sale, (b) Walter McPeek's Limited Objection to Trustee's Motions [Dkt. No. 30] (the "McPeek Objection"), (c) and having heard statements in support of or in opposition to the relief requested in the Motion at a hearing held before the Court on February 20, 2020 (the "Hearing"); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. § 1408; and notice of this Motion being adequate and appropriate under the particular circumstances; and it appearing that the relief requested in the Motion is in the best interests of creditors and the Debtor's bankruptcy estate; and it further appearing that the legal and factual bases set forth in the Motion and the Beskrone Declaration establish just cause for the relief granted herein; and it appearing that the Court has jurisdiction over this matter; and after due deliberation thereon and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is **GRANTED** as set forth herein. All objections to the relief requested in the Motion that are not otherwise resolved by language set forth below are hereby overruled. For the avoidance of doubt, the McPeek Objection, to the extent not fully resolved by language in paragraph 5 below, is hereby overruled on the merits.

2. The Columbus APA, attached hereto as **Exhibit 1**, is hereby approved.

3. Buyer's offer to purchase the Columbus Assets, on the terms set forth in the Columbus APA, is the highest and best offer for the Columbus Assets.

4. The Purchase Price set forth in the Columbus APA represents fair value for the Columbus Assets and is the highest and best offer received by the Trustee for the Columbus Assets.

5. Pursuant to section 363(f) of the Bankruptcy Code, the Trustee is hereby authorized to sell the Columbus Assets to Buyer under the terms and conditions set forth in the Columbus

{01538605;v3 }

APA, free and clear of any valid and enforceable Liens (including without limitation any Liens asserted by Walter McPeek), with any such Liens (including any Liens asserted by Mr. McPeek) to attach to the net sale proceeds in the same order of priority and with the same validity, force, and effect as such Liens had prior to the sale, subject in all respects to any rights, challenges, objections, claims, counterclaims, remedies, and defenses the Trustee may have with respect to any such Liens (including any Liens asserted by Walter McPeek in any future contested matter or other litigation), the Columbus Assets, the Columbus APA, the Buyer, and Mr. McPeek.  With respect to the Liens asserted by Mr. McPeek, following a Closing and receipt of the full Purchase Price, the Trustee shall hold in a segregated account $15,000.00 of sale proceeds until the earliest to occur of (i) Mr. McPeek, or his counsel, confirms in writing to the Trustee that the segregation of proceeds is no longer necessary; or (ii) entry of further order of this Court.

6. Buyer is not an insider of the Debtor and is hereby found and deemed to be a good faith purchaser of the Columbus Assets.  Buyer therefore is entitled to all of the protections of section 363(m) of the Bankruptcy Code with respect to its purchase of the Columbus Assets.

7. Upon Closing, Buyer shall be afforded reasonable and immediate access to each of the Columbus Locations (including without limitation any of the Columbus Locations that Mr. McPeek claims to own, lease, or otherwise control) so that Buyer may marshal and remove any or all of the Columbus Assets, as determined by Buyer in its sole discretion.  Buyer shall have five business days from Closing to remove from any Columbus Location all Columbus Assets it wishes to purchase and does not wish to abandon.

8. Buyer is not a successor to the Debtor or Trustee and shall have no successor liability under any applicable law for any claims, liabilities, or obligations of the Debtor or Trustee, other than as expressly set forth and assumed in the Columbus APA.

9. The Trustee is authorized to abandon, and hereby abandons (without the need for further Court order) all Columbus Assets that are not purchased <u>and</u> removed by Buyer (except to the extent the Buyer was denied full and immediate access in accordance with paragraph 7 above) in accordance with, and within the time provided by, paragraph 7 above.  Such abandoned assets shall be deemed Excluded Assets and shall become property of the respective third parties in possession of them where such abandoned assets currently are located.  Such third parties shall be entitled to use, transfer, and/or otherwise dispose of the abandoned assets in their respective and sole discretion, without any further order of this Court.

10. The Trustee is authorized and empowered to take such actions as may be necessary and appropriate to perform under and implement the terms of this Order and, for the avoidance of doubt, the terms of the Columbus APA.

11. To address informal comments raised by Oracle America, Inc., Buyer agrees that Oracle software is not included as part of the Purchased Assets.  If Buyer purchases any computers as part of the Purchased Assets, Buyer agrees that within ten days from Closing, it will certify to Oracle that Buyer has caused any Oracle software to be "scrubbed" or "wiped" from such computers, absent a further agreement reached between Buyer and Oracle.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.  This Order is a final order that resolves the Motion in its entirety.

13. This Court shall retain jurisdiction to resolve any dispute arising from or relating to the sale of the Columbus Assets, performance under the Columbus APA, the terms of this Order, and any other matter that relates in any way to any of the foregoing.

Dated: February 20th, 2020
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

{01538605;v3 }